UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

AMY PADILLA,

        Defendant.

_____/

Case No. 1:03-CR-73-01

Hon. Richard Alan Enslen

**ORDER**

       This matter is before the Court on the Government's Motion for Downward Departure Based Upon Defendant's Substantial Assistance pursuant to Federal Rule of Criminal Procedure 35(b). The Court has reviewed the Motion and finds a formal hearing unnecessary. FED. R. CRIM. P. 43(b)(4).

       On August 21, 2003, the Court sentenced Defendant to a term of imprisonment of 78 months for the offense of conspiring with intent to distribute and distribute more than 500 grams of cocaine. 21 U.S.C. §§ 846, 841(a)(1), & 841(b)(1)(B)(ii). Under the United States Sentencing Guidelines (effective Apr. 30, 2003), Defendant was originally scored at a Total Offense Level 31 and Criminal History Category I, yielding a Guideline range for imprisonment of 108 to 135 months. Defendant's sentence of 78 months imprisonment reflected a three-level departure from the Guidelines based on her substantial assistance to the Government and its motion to that effect under U.S.S.G. § 5K1.1.

       The Government now seeks an additional one-level departure under Rule 35(b)(2)(B) because of Defendant's substantial assistance concerning the sentence of Co-Defendant Pablo Reyes. According to the Government, Defendant's substantial assistance includes the following. At his sentencing, Defendant Reyes was planning to object to the quantity of cocaine the

Government attributed to him. Defendant indicated to the Government, who in turn notified Defendant Reyes, that she would testify and corroborate the amount of cocaine attributed to Defendant Reyes. Given Defendant's expected testimony, Defendant Reyes eventually withdrew his sentencing objection and the Court sentenced Defendant Reyes to a term of imprisonment of 121 months. Defendant Reyes had been a fugitive from justice for approximately two years.[1]

Rule 35 motions are governed by the same substantial assistance factors considered under United States Sentencing Commission Guideline section 5K1.1. *United States v. Gangi*, 45 F.3d 28, 30-31 (2d Cir. 1995). Those factors are: (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into account the government's evaluation of the assistance rendered; (2) the truthfulness, completeness and reliability of the information or testimony provided; (3) the nature and extent of the defendant's assistance; (4) any injury suffered or any danger or other risk of injury to defendant or his family resulting from the assistance; and (5) the timeliness of the defendant's assistance. *Id.*

Upon review of Defendant's assistance, the Court finds that each factor is present in some degree, excepting that Defendant has not suffered an injury or risked danger because of her assistance, and a reduction of sentence is warranted. Defendant's cooperation saved the Government the burden and expense of presenting testimony against Defendant Reyes, who contested several other issues at sentencing. After considering the section 5K1.1 factors and the extent of Defendant's assistance, the Court has determined that the Motion should be granted and the Court will depart

---

[1] The Court finds the Government's Motion timely in that Defendant provided information to the Government concerning Defendant Reyes within a year of sentencing, but such information did not become useful until Defendant Reyes was apprehended and ultimately sentenced.

one-level.  This departure results in a new Guideline range of 70 to 87 months.  The Court further finds that a sentence at the low of the Guideline range (70 months) is appropriate.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff United States of America's Motion for Downward Departure Based Upon Defendant's Substantial Assistance (Dkt. No. 71) is **GRANTED**.  An Amended Judgment shall issue reducing Defendant's sentence to a term of 70 months imprisonment .

Dated in Kalamazoo, MI:                          /s/Richard Alan Enslen           
February 24, 2006                               Richard Alan Enslen
                                                Senior United States District Judge